NOT FOR PUBLICATION                                                    (Doc. No. 6)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

———————————————————— :
                                :
Trent MIDDLETON,                    :
                                :
               Plaintiff,       :       Civil No. 16-1956 (RBK/JS)
                                :
           v.                   :       **Opinion**
                                :
THE PARKING AUTHORITY OF THE   :
CITY OF CAMDEN, et al.,        :
                                :
           Defendant(s).  :
———————————————————— :

**KUGLER**, United States District Judge:

       This matter comes before the Court on Plaintiff Trent Middleton's ("Plaintiff")

Complaint against Defendants The Parking Authority of the City of Camden ("PACC") and

Willie E. Hunter, Sr. ("Hunter") (collectively, "Defendants") asserting breach of contract, New

Jersey Law Against Discrimination, wrongful termination, New Jersey Conscientious Employee

Protection Act, and defamation claims. Currently before the Court is Defendants' Motion to

Dismiss Count Five of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure

12(b)(6) (Doc. No. 6). For the reasons expressed below, Defendants' Motion to Dismiss is

**GRANTED** and Count Five of Plaintiff's Complaint is **DISMISSED**.

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

       Plaintiff was employed as a Director of Operations at PACC in Camden, New Jersey and

supervised by Hunter, Executive Director. Compl. ¶¶ 3–5. During Plaintiff's employment,

Plaintiff allegedly reported misconduct of other employees to Hunter on multiple occasions, but

Hunter ignored the reports, assigned Plaintiff new job tasks, and demoted him. *Id.* ¶¶ 13–18. On

August 26, 2015, Plaintiff sustained a work-related injury to his back and went on workers'
compensation leave. When Plaintiff attempted to return to work, he was twice advised not to
come to work. *Id.* ¶¶ 24–28.

On November 13, 2015, Plaintiff was informed of his required presence at a meeting with
Defendants. *Id.* ¶ 29. On November, 16, 2015, Plaintiff attended the meeting and was told he
could sign a resignation letter or be terminated for committing fraud because he worked on a
food truck during the time he was placed on work restrictions. *Id.* ¶¶ 30, 32. Plaintiff did not
resign and was terminated by Defendants. *Id.* ¶¶ 30–31. After the meeting, Plaintiff alleges,
Hunter intentionally and falsely stated to co-employees, the Board of Commissioners, and others
that Plaintiff was not injured, was capable of working, and committed fraud by working on his
food truck. *Id.* ¶ 73.

On November 19, 2015, Plaintiff's counsel sent an email of representation to PACC's
counsel asking for employment documents and a departmental hearing. Pl.'s Br. Ex. A. The
email stated that Plaintiff and counsel needed the materials "to determine his course of action i.e.
including a lawsuit against PAAC [sic] for Breach of Contract and potentially other claims." *Id.*
On December 2, 2015, PACC's counsel sent a letter to Plaintiff's counsel extending an offer for
PACC to accept Plaintiff's voluntary resignation in return for a full release. Pl.'s Br. Ex. B, at 2.

On January 6, 2015, Plaintiff's counsel sent a letter to PACC's counsel rejecting the
settlement offer. Pl.'s Br. Ex. C. The letter described the circumstances leading to Plaintiff's
termination and alleged, "[Y]our client could be looking at damages for breach of contract,
compensatory damages for violation of the New Jersey Law Against Discrimination (including
for his psychiatric injury) punitive damages, and attorneys' fees." *Id.* at 3.

2

On February 29, 2016, Plaintiff filed a Complaint in the Superior Court of New Jersey, Camden County asserting claims for breach of contract (Count One); disability discrimination under the New Jersey Law Against Discrimination (Count Two); wrongful termination (Count Three); violation of the New Jersey Conscientious Employee Protection Act (Count Four); and defamation (Count Five). Compl. ¶¶ 40–77. On April 7, 2016, Defendants timely filed for removal (Doc. No. 1). On April 25, 2016, Defendants brought the present Motion to Dismiss Count Five of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 6).

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

### III.    DISCUSSION

Defendants argue that Plaintiff failed to comply with the provisions of the New Jersey Tort Claims Act ("NJTCA"), N.J. Stat. Ann. § 59:1–1 et seq., and move to dismiss Count Five, the defamation tort claim. The NJTCA requires a plaintiff to submit a notice of claim to the public entity within ninety days of the claim accruing, prior to filing a complaint against a public entity or public employee. N.J. Stat. Ann. § 59:8–8(a). Notice under the NJTCA is required for basic common law tort claims. *See Velez v. City of Jersey City*, 850 A.2d 1238, 1245–46 (N.J. 2004). The notice must state "[t]he date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted" and provide "[a] general description of the injury, damage or loss incurred so far as it may be known at the time of presentation of the claim." N.J. Stat. Ann. § 59:8–4(c)–(d). If the plaintiff fails to comply with this requirement, she is "forever barred from recovering against a public entity or public employee." N.J. Stat. Ann. § 59:8–8.

Plaintiff does not aver that he complied with the notice requirement of the NJTCA, but argues that despite any technical defects in his notice, he substantially complied with the requirement. A plaintiff may invoke the doctrine of substantial compliance in limited circumstances, where "the notice, although both timely and in writing, had technical deficiencies that did not deprive the public entity of the effective notice contemplated by the statute." *D.D. v. Univ. of Med. & Dentistry of N.J.*, 61 A.3d 906, 923 (N.J. 2013) (citations omitted). "The doctrine requires the moving party to show: (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not strict compliance with the statute." *Ferreira v. Rancocas*

*Orthopedic Assocs.*, 836 A.2d 779, 783 (N.J. 2003) (citations omitted). With respect to factor three, the purpose of the statute, the New Jersey Supreme Court has held that the two central purposes of the NJTCA are: (1) to restrict a public entity's liability in tort, and (2) to create a relatively short notice filing period to enable the public entity to investigate and settle claims. *Velez*, 850 A.2d at 1244 (citations omitted).

Plaintiff's defamation claim alleges that Hunter made defamatory statements following the November 16, 2015 meeting during which Plaintiff was terminated.[1] Plaintiff did not send a notice of claim to Defendants prior to filing the Complaint. Plaintiff claims that he nonetheless substantially complied with the NJTCA's notice requirement via his lawyer's November 19, 2015 and January 6, 2016 correspondences with PACC.[2] However, the letters only reference a breach of contract claim, violation of the New Jersey Law Against Discrimination, and "potentially other claims." Furthermore, the correspondences fail to discuss any activity that occurred subsequent to the November 16, 2015 hearing, the point at which Hunter's defamatory statements allegedly began. The letters relied upon by Plaintiff thus failed to put Defendants on notice of the defamation claim. As notice is required for showing factors three and four of the substantial compliance doctrine and Plaintiff has failed to demonstrate them, Plaintiff cannot prove substantial compliance and the Court need not analyze the other three elements. In

---

[1] The Complaint pleads that Hunter began making defamatory statements "[f]ollowing the meeting of November 13, 2015." Compl. ¶ 73. Plaintiff appears to have intended to refer to November 16, not November 13, as Plaintiff earlier in the Complaint states that the meeting between Plaintiff and Defendants occurred on November 16, 2015 and nowhere else mentions a November 13, 2015 meeting.

[2] Plaintiff also argues that his Complaint put the Defendants on notice of the defamation claim against them. The New Jersey Supreme Court has stated that "even the most generous application of the substantial compliance doctrine has rejected the notion that filing a complaint is itself a substitute for notice." *Cty. of Hudson v. State, Dep't of Corr.*, 26 A.3d 363, 375 (N.J. 2011) (citations omitted). This argument of Plaintiff's is unavailing.

accordance, the Court finds that Plaintiff did not satisfy the notice requirement under the NJTCA as to the defamation claim and dismisses Count Five with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**. Count Five is **DISMISSED WITH PREJUDICE**.

Dated:    10/28/2016                                     s/ Robert B. Kugler

                                                         ROBERT B. KUGLER

                                                         United State District Judge